## CLEMENT v. DOWLING.

### (Circuit Court, S. D. New York. July 13, 1906.)

PLEADING—COUNTERCLAIM—STATEMENT OF CAUSE OF ACTION.

Where a complaint alleged that plaintiff and defendant placed a completed contract in escrow, to be delivered after the doing of certain things, and that plaintiff used his best endeavors to bring such things about, but defendant did not, by reason of which the contract did not become operative, to plaintiff's damage, and the answer denied the specific allegations of default on defendant's part, a counterclaim for damages because of the failure of the contract to become operative through the alleged failure of plaintiff to use his best endeavors to that end, as agreed, is demurrable, where it fails to show whether defendant agreed to do anything, and, if so, whether he had kept such agreement.

At Law. On demurrer to counterclaim, on the ground that it does not state facts sufficient to constitute a cause of action.

Townsend, Avery & Button, for plaintiff.

Lathan G. Reed, for defendant.

PLATT, District Judge. Lack of time compels me to forego an analysis of the complaint, answer, and counterclaim in this interesting case. The situation finally settles down to about this: 'A. sues B. In his complaint he sets forth that they placed a completed contract in escrow, to be delivered after the doing of certain things, which could have been brought about, if they had both used their best endeavors thereto. A. used his best endeavors, but B. did not. Therefore B. must pay A. damages for the failure of the original contract to become operative. B. by way of defense puts up various things in his answer, among others denying that they agreed to take certain steps to have the crucial things done, and then by way of counterclaim says that A. agreed to use his best endeavors to have these things done, and that he had not done so, and must therefore pay B. large damages for the failure of the original contract to become operative. B. fails to allege in the counterclaim that he had anything to do in order that the original contract might be delivered, and that he had done the thing which he agreed to do. The complaint contains allegations, as above stated, that B. did have things to do, and had not done them, and the answer prior to the counterclaim practically denies such allegations.

My understanding of the interpretation which has been placed by the New York courts upon those sections of the Code which are important leads me to believe that, as the matter stands, it is conceded by the pleadings, so far as the counterclaim is affected, that B. did fail to do the things which he ought to have done, and that the counterclaim states no cause of action.

The demurrer to the counterclaim is sustained.